**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Luis A. Cruz,** | **CASE NO. 1:17 CV 765** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Cuyahoga County Probation Dept.,** *et al.*, | |
| **Defendants.** | |

### INTRODUCTION

*Pro se* Plaintiff Luis A. Cruz filed this action under 42 U.S.C. § 1983 against the Cuyahoga County Probation Department, and Cuyahoga County Sheriff Clifford Pinkney. In the Complaint, Plaintiff alleges his bond was revoked unfairly after he tested positive for drug use. He seeks monetary damages.

### BACKGROUND

Plaintiff was indicted by the Cuyahoga County Grand Jury on charges of trafficking in heroin, possession of heroin, possession of cocaine, permitting drug abuse, having weapons under disability, possession of criminal tools, and endangering children. The Cleveland Municipal Court set his bond at $ 500,000.00. After bindover, the Cuyahoga County Court of Common Pleas reduced his bond to $100,000.00, which Plaintiff posted. In May 2016, Plaintiff's random drug test yielded a positive result for cocaine, and the judge issued a capias at the request of the Probation Department. He was taken into custody on May 25, 2016 where he

remained until he pled guilty to trafficking in heroin on May 9, 2017. The Court sentenced him to 8 years in prison, with credit for time served in pretrial detention.

Plaintiff contests the revocation of his pre-trial bond. He contends a prescription medication caused the positive result. He states he complied with all other terms of his pre-trial release and his bond should not have been revoked. He alleges he suffered business losses from his inability to work, as well as pain and suffering from unlawful confinement. He seeks Five Million Dollars in damages.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but

must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). In this case, Plaintiff fails to identify a Constitutional right he believes was violated, and fails to connect that violation to either of the Defendants.

Plaintiff states his bond was revoked because he failed a drug test, which violated the conditions of his release. He does not state which Constitutional right he believes was violated by the revocation of his bond, and none is apparent on the face of the Complaint. To meet basic notice pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Because Plaintiff does not identify any legal claim justifying relief, he failed to meet basic notice pleading requirements.

In addition, the Probation Department is not a proper Defendant. It is not *sui juris*, meaning, it is not a legal entity capable of suing or being sued. Instead, it is a subunit of

Cuyahoga County. *See Jerry v. Lake Cty./Bd. of Cty. Comm'rs*, No. 1:09 CV 2079, 2010 WL 3069561, at *1 (N.D. Ohio July 31, 2010)(Municipal Court and County Probation Department are not *sui juris*). The claims against the Probation Department are therefore construed as claims against the County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint contains no suggestion of a custom or policy of Cuyahoga County that caused his bond to be revoked.

Similarly, Plaintiff fails to state a claim against Sheriff Pinkney. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff's bond was revoked by the Common Pleas Court Judge, at the request of his pre-trial supervision officer. The Judge issued a capias and Sheriff's Deputies executed that order. Plaintiff does not allege any actions personally performed by Sheriff Pinkney.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                    /s/ Patricia A. Gaughan
                                                 PATRICIA A. GAUGHAN
                                                 United States District Court
                                               Chief Judge

Dated: 8/8/17